UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Bresco Investments, LLC, *et al.*,

    Plaintiffs,

v.

Oliver Park General Improvement
District, *et al.*,

    Defendants.

Case No. 3:25-cv-390-ART-CLB

**ORDER ON MOTION TO DISMISS
AND MOTION FOR JUDICIAL
NOTICE**

(ECF Nos. 3 and 4)

The Bresco family of corporations, all owners and operators of apartment buildings in Stateline, Nevada, allege that Oliver Park General Improvement District ("OPGID") and its Board of Trustees have unlawfully discriminated against it by charging it unfair snow removal fees and by creating and enforcing improper parking rules. Defendants move to dismiss (ECF No. 3), and move for judicial notice of certain records filed in support of their motion to dismiss. (ECF No. 4.) The Court now grants in part and denies in part both motions.

## I.    BACKGROUND

The following facts are alleged in Bresco's complaint, which is taken as true for purposes of adjudicating the motion to dismiss. (ECF No. 1-1.) *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In 2023, the OPGID Board held a public meeting where all attendees were advised that single-family homes within the District would be assessed a flat snow removal fee, and commercial businesses would be assessed a snow removal fee per linear feet of curb frontage. In or around October of the same year, Bresco learned that its apartment buildings within the District were being assessed the snow removal fee on a per-unit basis, rather than a per-linear-foot basis. Around

the same time, the OPGID Board sent out a newsletter stating that the snow removal fee would increase. Because OPGID subjects it to the per-unit method of calculating the snow removal fee, Bresco says that it has been assessed substantially more than any other District resident or commercial business. In the winter of 2023-2024, Bresco was assessed $120 per apartment unit, while single-family homeowners were assessed the same amount regardless of the size of their properties. Other commercial properties in the district, such as a daycare, a county property, a hospital are charged by the linear foot, while the beach club is charged per non-resident member. While there are four other commercial, multi-family buildings comprised of four or more units within the District, there are no details as to how much these properties are being charged. (ECF No. 1-1 ¶ 11.) As a consequence of Bresco's refusal to pay snow removal fees, OPGID has recorded liens against each of its commercial properties. Bresco futher alleges that OPGID collects substantially more in snow removal fees than it spends on snow removal.

In the above-mentioned October 2023 newsletter, the OPGID Board also stated that there was no street parking allowed within the District from November through April "without exception." Bresco claims that residents of its apartments are ticketed and towed under this policy, while residents of single-family homes are not. Neither are residents of single-family homes ticketed or towed when parking in red zones or blocking driveways. Bresco also alleges that on its face, the rule places a disproportionate burden on apartment-dwellers because their parking needs may not be met by the building lot, while people living in single-family homes generally have a driveway.

Bresco alleges that in or around 2018, its managing director had a dispute with a member of the OPGID Board, which led to several years' worth of threats of litigation. Bresco also alleges that single-family homeowners, including the members of the Board, are displeased to be living next to Bresco's affordable

housing units.

## II.    PROCEDURAL HISTORY

Bresco sued all Defendants for violations of the Equal Protection clause of the federal constitution, and of Article IV § 21 and Article X § 1 of the Nevada Constitution; and for breach of fiduciary duty. Bresco seeks declaratory, equitable, and injunctive relief.

Defendants filed a Motion to Dismiss for lack of subject-matter jurisdiction, personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim. (ECF No. 3). Defendants also filed an accompanying Motion for Judicial Notice, attaching several Douglas County ordinances, OPGID resolutions, and OPGID meeting minutes. (ECF No. 4.) Bresco opposes both motions, except that it does not oppose judicial notice of the Douglas County ordinances. (ECF No. 13.)

## III.    MOTION FOR JUDICIAL NOTICE

At any stage of a proceeding, courts may take judicial notice of (1) facts not subject to reasonable dispute and "generally known within the trial court's territorial jurisdiction" and (2) adjudicative facts, which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). Municipal ordinances are proper subjects of judicial notice under Fed. R. Evid. § 201(b). *Tollis, Inc. v. Cnty. of San Diego*, 505 F.3d 935, 938 (9th Cir. 2007). Courts may decline to take judicial notice of facts that are not necessary to the resolution of the matter before them. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).

The Court takes judicial notice of Douglas County, Nev., Ordinance No. 10.12.070 (Dec. 1, 2022), referenced in Exhibit 2 to Defendants' motion (ECF No. 4-2), which states in relevant part that "[a] person must not... [b]etween the dates of November 1 and April 1, inclusive, stop, stand or park any vehicle on the

3

streets or highways of Oliver Park General Improvement District for any purpose or period of time greater than an emergency or for the expedition unloading and delivery or pick up and loading of freight, goods, materials, or passengers." Bresco does not oppose judicial notice of this ordinance. The Court declines to take judicial notice of Defendants' Exhibits 1, 3, 4, 5, 6, and 7, since they are not necessary to resolution of the Motion to Dismiss.

## IV.    LEGAL STANDARD FOR MOTION TO DISMISS

Defendants may challenge subject matter jurisdiction by filing a 12(b)(1) motion. See Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12 (h) (3); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1028-29 (9th Cir. 2023) (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Under this standard, a district court must accept as true all well-pleaded factual allegations in the complaint and determine whether those factual allegations state a plausible claim for relief.

4

*Id.* at 678–79.

If the Court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## V.    DISCUSSION FOR MOTION TO DISMISS

### A. Standing

Defendants allege that Bresco has no standing to challenge the parking policy or its enforcement because any burdens on Bresco's tenants cannot be considered harms to Bresco, and because Defendants are not responsible for promulgating the challenged parking ordinance. "To satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81(2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Bresco cannot challenge the parking ordinance on its face. The challenged winter parking ban was promulgated by Douglas County, not by OPGID. Douglas County, Nev., Ordinance No. 10.12.070 (Dec. 1, 2022). Regardless of any injury to Bresco, it is not possible that a facial deficiency in the Douglas County ordinance can be redressed by a favorable decision against OPGID and the OPGID

Board.

Bresco can still challenge the parking ordinance as applied. Taking the allegations that Defendants disproportionately enforce the parking ordinance against its tenants as true, it is plausible that Defendants' enforcement practices cause an injury to Bresco by lowering the value of its apartments. Cf. *Ave. 6E Invs., LLC v. City of Yuma, Ariz.*, 818 F.3d 493, 508 (9th Cir. 2016) (reversing the dismissal of an equal protection disparate treatment claim brought by developer of subdivisions favored by Hispanics, alleging that a city had denied its rezoning application because of racial animus); *Armendariz v. Penman*, 75 F.3d 1311, 1326 (9th Cir. 1996) (denying summary judgment where plaintiff landowners alleged that the city over-enforced the housing code in areas where they wished to acquire the property) *overruled in part on other grounds as recognized in Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 852 (9th Cir. 2007). Since Bresco has alleged that Defendants are responsible for parking enforcement, it has alleged redressability with respect to enforcement.

### B. Failure to State a Claim – Breach of Fiduciary Duty

Defendants allege that they do not owe Bresco a fiduciary duty, and that Bresco's cause of action for breach of that duty must be dismissed for failure to state a claim.

Under Nevada law, "[a] fiduciary relationship is deemed to exist when one party is bound to act for the benefit of the other party. Such a relationship imposes a duty of utmost good faith." *Hoopes v. Hammargren*, 725 P.2d 238, 242 (Nev. 1986). "The essence of a fiduciary or confidential relationship is that the parties do not deal on equal terms, since the person in whom trust and confidence is reposed and who accepts that trust and confidence is in a superior position to exert unique influence over the dependent party." *Id.* (internal quotation marks and citation omitted); *see also Boorman v. Nevada Mem'l Cremation Soc'y*, 236 P.3d 4, 9 (Nev. 2010) (holding that where a county coroner does not have a special

relationship with the family members of the deceased, the coroner does not owe a fiduciary duty to those family members.) The Nevada Supreme Court has held that fiduciary duties arise as a matter of law in certain categories of relationships, such as between insurers and the insured, an attorney and a client, spouses, fiancés, and corporate officers or directors and a corporation. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 880–82 (9th Cir. 2007) (internal citations omitted).

Bresco argues that Defendants owe them fiduciary duties as a matter of law. According to the Bresco, the OPGID Board is called a board of "trustees," and all trustees are fiduciaries. As for OPGID itself, Bresco notes that it is obligated by statute to "serve a public use" and "promote the health, safety, prosperity, security, and general welfare" of the state of Nevada and its inhabitants. NRS 318.015.

Bresco has not adequately pled facts showing that the Board and OPGID owes it fiduciary duties. No statute directs that the Board and OPGID owe Bresco fiduciary duties. Cf. *Johnson v. Fitial*, No. 1:09-CV-000023, 2012 WL 12542689, at *15 (D. N. Mar. I. Sept. 26, 2012) (Noting that no executive branch fiduciary duty existed absent specific statutory provision creating one) (citing Restatement Second of Trusts § 95). Furthermore, "the duty of governmental entities to provide services is a duty owed to the public, not to individual persons." NRS 41.0336; *see also Porchia v. City of Las Vegas*, 504 P.3d 515, 518 (Nev. 2022). Even if the state legislature meant to impose fiduciary duties on the Board by calling it a board of trustees, Bresco has not pled or brought legal argument showing that those fiduciary duties are owed to it, as opposed to the public in general. As for OPGID, the existence of their obligation to serve the public welfare is insufficient to show that Bresco depends on it and places its trust and confidence in it to the degree necessary to give rise to fiduciary duties. Bresco's claims for breach of fiduciary duty are therefore dismissed with leave to amend.

**C. Failure to State a Claim—Declaratory Relief/Equitable Relief/Injunctive Relief**

Count Three of the complaint is called "Declaratory Relief/Equitable Relief/Injunctive Relief." Bresco asks for a judicial determination that its apartment buildings are commercial properties under law, that they should be charged for snow removal appropriately, that the selective enforcement of parking enforcement policies is against the law, and other similar declaratory and injunctive relief. (ECF No. 1-1.) Defendants move to dismiss this claim as duplicative of the other claims.

It appears that Bresco's declaratory, equitable, and injunctive relief claim is not a cause of action, but rather a prayer for relief. A declaratory judgment granted under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, is merely a remedy that the court may grant after a plaintiff has established and proven its case. It is not an independent, substantive cause of action. *See Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The same is true for declaratory judgments under Nevada's Uniform Declaratory Judgment Act. *See* NRS 30.030; *Builders Ass'n of N. Nevada v. City of Reno*, 776 P.2d 1234, 1234 (Nev. 1989) ("The Uniform Declaratory Judgments Act does not establish a new cause of action"). The Court may dismiss a stand-alone declaratory relief claim if it is redundant or will be resolved by the parties' substantive claims. *See V5 Techs., LLC v. Switch, Ltd.*, No. 2:17-CV-2349-KJD-NJK, 2019 WL 13157438, at *1–2 (D. Nev. Sept. 25, 2019); *see also McGrath v. Liberty Mut. Fire Ins. Co.*, No. 2:19-CV-36 JCM (CWH), 2019 WL 9100192, at *3 (D. Nev. May 13, 2019).

Insofar as this request is articulated as a claim, the Court dismisses it without prejudice to any requests for preliminary or final relief of the kind described.

**D. Failure to state a claim—Equal Protection Statute of**

**Limitations**

Bresco's remaining claim is based on federal and state equal protection principles. Defendants allege that Bresco's equal protection claim is time-barred. Because 42 U.S.C. § 1983 does not contain its own statute of limitations, "[a]ctions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions." *Knox v. Davis*, 260 F.3d 1009, 1012–13 (9th Cir. 2001). In Nevada, the statute of limitations for personal injury action is two years. See NRS 11.190(4)(e). Bresco's complaint is dated July 2, 2025. Its equal protection claim will be timely if it accrued before July 2, 2023.

The parties disagree about when the statute of limitations began to run. "Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Knox*, 260 F.3d at 1013 (quoting *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153–54 (9th Cir. 2000)). Under federal law, the "discovery rule" typically governs, such that "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999)). Defendants claim that Bresco's claims are time-barred because it had reason to know of the parking and snow removal politics over two years before they filed the complaint.

On the face of the complaint, Bresco's claims are not time-barred because it can take advantage of the continued-enforcement exception to the discovery rule of accrual. "When the continued enforcement of a statute inflicts a continuing or repeated harm, a new claim arises (and a new limitations period commences) with each new injury." *Flynt v. Shimazu*, 940 F.3d 457, 462 (9th Cir. 2019) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). Bresco's complaint states, in present tense, that residents of Bresco's apartment buildings do get ticketed and towed under this policy while residents of single-family homes do not. (ECF No. 1-1 ¶ 29.) Bresco also states that it was assessed

allegedly discriminatory fees under OPGID's snow removal policy as recently as the winter of 2024-2025. (ECF No. 10-1 ¶ 38.) Because a new limitations period commences with each act of enforcement, and the most recent acts of enforcement took place more recently than July 2, 2023. Bresco's claim for unequal enforcement of the parking policy is not time-barred.

### E. Failure to state a claim – Equal Protection

The final question is whether Bresco has adequately pleaded its federal and state equal protection claim. "The standard for testing the validity of legislation under the equal protection clause of the state constitution is the same as the federal standard." *In re Candelaria*, 245 P.3d 518, 523 (Nev. 2010). Where state constitutional provisions are co-extensive with related federal constitutional provisions, courts may analyze the federal constitutional claims to reach a decision on both. *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1392 (9th Cir. 1994); *see, e.g. 180 Land Co LLC v. City of Las Vegas*, No. 218CV547JCMCWH, 2018 WL 6729640, at *4 (D. Nev. Dec. 21, 2018), *aff'd in relevant part, 180 Land Co. LLC v. City of Las Vegas,* 833 F. App'x 48 (9th Cir. 2020).

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall … deny to any person within its jurisdiction the equal protection of the laws." The equal protection component of the Due Process Clause is "essentially a direction that all persons similarly situated be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439 (1985). Although state action that does not implicate a fundamental right or a suspect classification passes constitutional muster under the equal protection clause so long as it bears a rational relation to a legitimate state interest, *Armendariz*, 75 F.3d at 1326, "the rational relation test will not sustain conduct by state officials that is malicious, irrational or plainly arbitrary", *Lockary v. Kayfetz*, 917 F.2d 1150, 1155 (9th Cir. 1990) (as amended); *see also Cleburne*, 473 U.S. at 446 ("The State may not rely on a classification whose relationship to an asserted goal is so attenuated as to

render the distinction arbitrary or irrational.").

Bresco pleaded that the snow removal fee, which is assessed on a per-unit basis, disproportionately burdens apartment building owners compared to single-family homeowners and commercial businesses. Allegedly, Defendants bear animus towards Bresco specifically, or towards lower-income apartment-dwellers, and the classification is not reasonably related to Defendants' stated goal of paying for snow removal services, especially as the total income from snow removal fees far exceeds the cost. The complaint also states that that OPGID enforces the parking ordinance against Bresco's tenants more often than against residents of single-family homes, and that this disproportionate enforcement does not have a plausible policy reason, leading to the inference that bias towards it and its managing director, or bias against lower-income apartment dwellers is to blame. Taking Bresco's allegations of disproportionate enforcement as true, as is required at this stage, Defendants apparently treated Bresco differently from those similarly situated in relevant respects without a rational policy justification or goal. That is enough to survive the motion to dismiss. As long as the complaint on its face alleges a "plausible" equal protection claim, *Iqbal*, 556 U.S. at 678, the Court does not inquire further into the actual justifications for the per-residential-unit snow removal fee, or the nature of Defendants' involvement in parking enforcement. Questions of fact are more appropriate to resolve with discovery at later stages in the litigation.

### F. Discretionary-Act Immunity

Defendants claim that the Court lacks subject matter jurisdiction over this case because they are protected by the discretionary-act immunity conferred by NRS 41.032, which provides that, subject to certain exceptions, "no action may be brought... against an officer or employee of the State or any of its agencies or political subdivisions which is... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the

State or any of its agencies or political subdivisions.. whether or not the discretion involved is abused." Under this statute, a state defendant is entitled to discretionary-act immunity if its decisions "(1) involved an element of individual judgment or choice and (2) [were] based on considerations of social, economic, or political policy." *Martinez v. Maruszczack*, 168 P.3d 720, 729 (Nev. 2008). Discretionary-act immunity mirrors the Federal Tort Claims Act's discretionary function exception, which "prevents judicial 'second-guessing' of legislative and administrative decisions... through the medium of an action in tort." *Id.* (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)). When determining if an officer's discretionary acts are "based on considerations of social, economic, or political policy," courts inquire not into the official's state of mind, but rather into the nature of the official acts and whether it is susceptible to policy analysis. However, there are two limitations on discretionary-act immunity. First, discretionary-act immunity does not apply where officers act in bad faith. *Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991). Second, discretionary-act immunity will not protect acts that were also taken in violation of the Constitution. *See, e.g. Koiro v. Las Vegas Metro. Police Dep't,* 69 F. Supp. 3d 1061, 1074 (D. Nev. 2014), *aff'd,* 671 F. App'x 671 (9th Cir. 2016) (officer not entitled to discretionary-act immunity on negligence and battery claims because his alleged actions violated the Constitution).

Bresco has adequately pleaded their constitutional cause of action against Defendants. Because it is premature to dismiss Bresco's constitutional causes of action, it is premature to apply discretionary-act immunity.

## VI.    CONCLUSION

Accordingly, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss. (ECF No. 3.) Bresco's breach of fiduciary claim is dismissed without prejudice. Bresco's request for declaratory, injunctive, and equitable relief, which is styled as a claim, is dismissed without prejudice and

with leave to seek the same preliminary or final relief. The Court denies Defendants' motion to dismiss the equal protection claim.

Bresco shall have thirty days from the date of this order to file any amended complaint.

Defendants' Motion to for Judicial Notice (ECF No. 4) is GRANTED IN PART AND DENIED IN PART. The motion is granted as to Douglas County, Nev., Ordinance No. 10.12.070 (Dec. 1, 2022). (ECF No. 4-3.) Otherwise, it is denied.

DATED: March 18, 2026

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE